## Haughey v. Lidco Company

*John O'Brien,* for plaintiff.
*Walter J. Timby, Jr.,* for defendant.

TRANCHITELLA, *J.,* June 2, 1975—The preliminary objections of defendant, Playtown, Inc., should be dismissed. Defendant, Playtown, Inc., in its memorandum of law in support of its preliminary objections, states that plaintiff is an employe of the purchaser. This fact is not clearly shown anywhere other than in defendant's memorandum of law and not supported by other pleadings. Plaintiff's answer to preliminary objections of defendant, Playtown, Inc., clearly indicates that plaintiff was a relative, brother-in-law, of the purchaser from defendant of the item which allegedly caused injury to plaintiff. Plaintiff was, at the time of the alleged injuries, a guest at a surprise party for plaintiff's brother at the home of his brother and sister-in-law.

Both plaintiff and defendant properly cite the sec-

tion of law applicable, which is the Uniform Commercial Code. See Act of April 6, 1953, P. L. 3, as amended, 12A P.S. §§1-101, et seq. The code provides for the extension of the existing warranty to a member of the family and/or a guest in the home of the purchaser. The pertinent provision, section 2-318, is as follows:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Comments 2 and 3 that follow this provision state as follows:

"The purpose of this section is to give certain beneficiaries the benefit of the same warranty which the buyer received in the contract of sale, thereby freeing any such beneficiaries from any technical rules as to 'privity'. It seeks to accomplish this purpose without any derogation of any right or remedy resting on negligence. It rests primarily upon the merchant-seller's warranty under this Article that the goods sold are merchantable and fit for the ordinary purposes for which such goods are used rather than the warranty of fitness for a particular purpose. Implicit in the section is that any beneficiary of a warranty may bring a direct action for breach of warranty against the seller whose warranty extends to him.

"[This section] expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section in this form is neutral and is not intended to enlarge or restrict the developing case law on

whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain."

The language used in the statute and the applicable comments, clearly indicate that in order to qualify as a person, not a buyer, who is within the protection of the warranty, one must be a member of the buyer's family, his household or a guest in the home. Here, plaintiff meets the necessary requirements in more than one fashion, being both a member of the family and a guest in the household of the person to whom a warranty is directly given, the purchaser. The allegation by defendant, Playtown, Inc., in the preliminary objections that plaintiff is an employe of the purchaser is unsubstantiated and, therefore, a basis for which the preliminary objections must be dismissed. A seller expressed an implied warranty which extends to someone who is a member of the family of the buyer of the item or is a guest in the home of the purchaser. The warranty extends to plaintiff in this situation and, therefore, he is entitled to bring an action against defendant-seller, Playtown, Inc.